# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov</td></tr>
</table>

September 3, 2020

LETTER TO COUNSEL

      RE:    *Ernest K. v. Saul*
              Civil No. DLB-19-2232

Dear Counsel:

On August 1, 2019, plaintiff Ernest K. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 10 ("Pl.'s Mot."), 14 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a previous denial, plaintiff protectively filed his claim for benefits on April 4, 2016 alleging a disability onset date of December 1, 2006. Administrative Transcript ("Tr.") 153. Plaintiff's date last insured was June 30, 2009, so he had to show that he was disabled prior to June 30, 2009. Tr. 12. His claim was denied initially and on reconsideration. Tr. 83-88, 90-91. A hearing was held on July 5, 2018, before an Administrative Law Judge ("ALJ"). Tr. 31-64. Following the hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-17. The Appeals Council denied plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that plaintiff suffered from the severe impairments of "lumbar degenerative disc disease and obesity." Tr. 12. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except that: he could sit for six hours in an eight-hour workday, stand and/or walk for six hours in an eight-hour workday, occasionally climb ladders, ropes, scaffolds, ramps and stairs, occasionally crawl, and frequently stoop, crouch, kneel, and balance.

Ernest K. v. Saul
Civil No. 19-2232-DLB
September 3, 2020
Page 2

Tr. 13.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could perform his past relevant work as truck driver, and that he could perform other jobs existing in significant numbers in the national economy.  Tr. 15-17.  Therefore, the ALJ concluded that plaintiff was not disabled.  Tr. 17.

On appeal, plaintiff challenges the ALJ's RFC assessment.  He argues that the ALJ's RFC discussion was inadequate, lacked a narrative discussion, and failed to evaluate the combined effect of his impairments.  Pl.'s Mot. 3-10.  His arguments lack merit for the reasons that follow.

<u>The ALJ performed a proper function-by-function assessment, and the narrative discussion adequately explained the limitation to medium work.</u>

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3.  The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p).  "In other words, the ALJ must both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'"  *Woods v. Berryhill*,  888 F.3d 686, 694 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, the ALJ's RFC assessment included a discussion of the relevant evidence, including plaintiff's testimony and subjective allegations, medical treatment notes, and medical opinion evidence, *see* Tr. 13-15.  Upon review, I find that her RFC discussion provides substantial evidence for the conclusion that plaintiff could perform a range of medium work with postural and environmental limitations.

Plaintiff argues that the ALJ "failed to make any findings regarding [his] abilities to lift and carry objects."  Pl.'s Mot. 6.  The ALJ noted plaintiff's hearing testimony that he could no longer lift.  Tr. 14.  The ALJ also noted that plaintiff "demonstrated no limitations in range of motion of his back or any extremities," "exhibited full motor strength . . . in all extremities," and "was independent in his activities of daily living."  Tr. 14; *see also* Tr. 769 (consultative examiner's opinion that plaintiff "ha[d] full ability to use his upper and lower extremities regarding work-related activities" with "no limitations in the use of his hands, arms, or fingers").

The ALJ expressly limited plaintiff to "medium work."  By doing so, she determined the extent of the physical activities that plaintiff was capable of performing.  According to the regulations, medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," and the SSA will "determine that [the claimant]

*Ernest K. v. Saul*
Civil No. 19-2232-DLB
September 3, 2020
Page 3

can also do sedentary and light work" if he can do medium work.[1]  20 C.F.R. § 404.1567(c).  The definition of medium work sufficiently addresses the amount of lifting and carrying that the ALJ found plaintiff capable of performing.  *See, e.g., Harper v. Comm'r, Soc. Sec. Admin.*, Civil Case No. GLR-13-909, 2014 WL 176777, at *4 (D. Md. Jan. 14, 2014) ("[B]y limiting [plaintiff] to sedentary work, the ALJ made an implied finding regarding those abilities.").  In any event, plaintiff has not identified evidence in the record that shows that he could not lift or carry 50 pounds at a time or 25 pounds frequently during the relevant time.  Furthermore, at step five, the ALJ listed three representative jobs at the light exertional level that plaintiff could have performed other than his past relevant work.  Tr. 16-17.  Plaintiff has not alleged that he could not lift or carry 20 pounds at a time or 10 pounds frequently, and he does not challenge the VE's testimony or ALJ's step-five finding.

<u>The ALJ sufficiently evaluated the combined effects of plaintiff's impairments.</u>

Plaintiff also argues that the ALJ "made no determination of the cumulative effects of all of [his] impairments."  Pl.'s Mot. 8.  I disagree.  At step two, the ALJ found that plaintiff's "gastroesophageal reflux disease (GERD), internal hemorrhoids, hypertension, open angle glaucoma in both eyes, cataracts in both eyes but worse in the right, bilateral bone infarcts in the distal femur and proximal left tibia, left colon diverticulosis, right kidney cyst, and moderate sleep disordered breathing with good therapeutic response to CPAP therapy" were non-severe impairments.  Tr. 13.  In explaining her determination that these impairments were not severe, the ALJ noted that "[t]hese impairments or combination of impairments [had] caused only transient and mild symptoms and limitations, [were] otherwise not adequately supported by the medical evidence in the record, or postdate[d] the date last insured."  Tr. 13.  Having found plaintiff's lumbar degenerative disc disease and obesity severe, the ALJ continued the sequential evaluation and considered, in assessing plaintiff's RFC, the extent to which his impairments limited his ability to work.  The ALJ specifically noted that she "accounted for the combination of [his] impairments and symptoms, such as back pain, with the limitations in the [RFC]."  Tr. 15.  Plaintiff does not identify limitations that the ALJ neglected to include to account for a combination of his impairments.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").  Even if there is other evidence that may support plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the record, and given the

---

[1] Generally, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a)-(b).

*Ernest K. v. Saul*
Civil No. 19-2232-DLB
September 3, 2020
Page 4

evidence outlined above, I find that the ALJ's assessment of plaintiff's RFC was supported by substantial evidence and that the ALJ applied the correct legal standards.

For the reasons set forth above, plaintiff's motion for summary judgment, ECF No. 10, is DENIED, and defendant's motion for summary judgment, ECF No. 14, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge